Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about January 11, 2013, which granted the petition for a writ of habeas corpus and fixed bail in the underlying criminal proceeding, unanimously reversed, on the law, without costs, the writ denied, the habeas corpus proceeding dismissed, and petitioner’s remand status reinstated without prejudice to any future bail applications before Criminal Term.
The proper scope of inquiry for a habeas court reviewing another court’s bail determination is whether “the bail court abused its discretion by denying bail without reason or for reasons insufficient in law” (People ex rel. Kuby v Merritt, 96 AD3d 607, 608 [1st Dept 2012], lv denied 19 NY3d 813 [2012]). “It is not the function of the habeas court to examine the bail question afresh or to make a de novo determination of bail” (id. [internal quotation marks omitted]). Here, the habeas court made no express or implied finding that the bail court abused its discretion, and instead engaged in an improper de novo determination of bail conditions. Applying the proper “abuse of discretion” standard, the habeas court should have denied the writ, and dismissed the proceeding, because the record contains *416 support for the bail court’s (Ann M. Donnelly, J.) determination to remand defendant after considering the factors enumerated in CPL 510.30 (2) (a). Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.